1  COLIN P. CALVERT (SBN 275195)
   ccalvert@fisherphillips.com
2  LISA CHINAI (SBN 298017)
   lchinai@fisherphillips.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone: (949) 851-2424
5  Facsimile: (949) 851-0152

6  Attorneys for Defendant
   SIERRA DEVELOPMENT LLC
7

8
9                    UNITED STATES DISTRICT COURT
10                  CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| MELISSA GAIL SEWELL, an individual, | Case No: 2:25−cv−01940 MAA |
| Plaintiff, | **DEFENDANT SIERRA DEVELOPMENT LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| v. | |
| SIERRA DEVELOPMENT LLC; THE RIVERSIDE COMPANY and DOES 1 through 10, inclusive, | Complaint Filed: March 5, 2025<br>Trial Date:      None set |
| Defendants. | |

Defendant SIERRA DEVELOPMENT LLC (hereinafter "Defendant") hereby responds to the complaint ("Complaint") of Plaintiff MELISSA GAIL SEWELL (hereinafter "Plaintiff") as follows:

## THE PARTIES

1. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny Plaintiff's allegations of residency in Paragraph 1 of the Complaint. Defendant admits that it employed Plaintiff as its Chief Compliance Officer but denies that it employed Plaintiff pursuant to an offer letter prescribing that California law applied to Plaintiff's employment. Defendant denies that The Riverside Company employed Plaintiff as its Chief Compliance Officer pursuant to an offer letter prescribing California law applied to such employment.

2. Defendant denies that it operated out of 530 West Los Angeles Ave, Ste 115 – 23, Moorpark, California 93201, but admits the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant denies that RIVERSIDE exercises substantial control over it. Defendant lacks sufficient knowledge or information about Plaintiff's allegation about RIVERSIDE'S location and definitions of "chartered" and "financially backs" to enable Defendant to admit or deny Plaintiff's remaining allegations in Paragraph 3 of the Complaint.

4. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny the allegations in Paragraph 4 of the Complaint.

## VENUE

5. The allegations in Paragraph 5 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

## JURISDICTION

6. The allegations in Paragraph 6 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

///

7. The allegations in Paragraph 7 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

**INTERCONNECTEDNESS BETWEEN RIVERSIDE AND SDLLC**

8. Defendant denies Plaintiff's allegations that RIVERSIDE has substantial ownership and control over it and that RIVERSIDE is an ostensible employer of Plaintiff and/or exercises control over Plaintiff's employment in Paragraph 8 of the Complaint.

   a. Defendant admits to Plaintiff's allegation that RIVERSIDE loaned Defendant one million dollars as operating capital soon after Defendant's formation in January 2019. Defendant lacks sufficient knowledge or information about Plaintiff's definition of "facilitate" to characterize the loan in Paragraph 8 (a) of the Complaint. Defendant denies Plaintiff's allegation that Michael Eblin serves as Defendant's "Managing" Member. Defendant admits that Michael Eblin serves as an independent contractor with a title of Senior Operating Partner for RIVERSIDE. Defendant denies Plaintiff's allegation that CEO Waibel holds multiple board seats.

   b. The allegations in Paragraph 8(b) of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

   c. Defendant admits to Plaintiff's allegations in Paragraph 8(c) of the Complaint.

   d. Defendant admits to the allegations in Paragraph 8(d) of the Complaint.

   e. Defendant admits to the allegations in Paragraph 8(e) of the Complaint.

   f. Defendant denies the allegations in Paragraph 8(f) of the Complaint.

   g. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny the allegations in their entirety in Paragraph 8 (g) of the Complaint.

      h.  Defendant admits to the allegations in Paragraph 8(h) of the Complaint.

## GENERAL ALLEGATIONS

      9. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny the allegations in their entirety in Paragraph 9 of the Complaint.

      10. The allegations in Paragraph 10 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

      11. Defendant admits Plaintiff's allegation that Plaintiff commenced her employment with Defendant in January 2020 as Chief Compliance Officer. Defendant denies Plaintiff's allegations related to her work performance and compliance with employee handbook.

      12. Defendant admits that projects like Codifil's information security review and RIVERSIDE's own A.I. project were not charged to portfolio companies. Defendant lacks sufficient knowledge or information about the scope and definitions of Plaintiff's remaining allegations to enable Defendant to admit or deny Plaintiff's remaining allegations in Paragraph 12 of the Complaint.

      13. Defendant admits that it requested Plaintiff to assist on additional internal projects.  Defendant denies Plaintiff's allegations related to PMAT and HydroCorp's two phase project in Paragraph 13 of the Complaint.

      14. Defendant admits that Plaintiff completed phase one of this project but denies Plaintiff's remaining allegations in Paragraph 14 of the Complaint.

      15.  Defendant admits to the allegations in Paragraph 15 of the Complaint.

      16.  Defendant admits to the allegations in Paragraph 16 of the Complaint.

      17. Defendant admits to Plaintiff's allegations related to the e-mail referenced in Paragraph 17 of the Complaint.  Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny Plaintiff's remaining allegations in Paragraph 17 of the Complaint.

///

18. Defendant admits to the allegations in Paragraph 18 of the Complaint.

19. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny Plaintiff's allegations in Paragraph 19 of the Complaint.

20. Defendant admits to the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny Plaintiff's allegations in Paragraph 21 of the Complaint.

22. Defendant admits to Plaintiff's allegation relating to the completion of Plaintiff's work and CEO Waibel's paid time off. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny Plaintiff's remaining allegations in Paragraph 22 of the Complaint.

23. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny Plaintiff's allegations in Paragraph 23 of the Complaint.

24. Defendant admits to Plaintiff's allegations in Paragraph 24 of the Complaint.

25. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny Plaintiff's allegations in Paragraph 25 of the Complaint.

26. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny Plaintiff's allegations in Paragraph 26 of the Complaint.

27. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny Plaintiff's allegations in Paragraph 27 of the Complaint.

28. Defendant admits Plaintiff's allegation that Plaintiff e-mailed team members that she would be out of the office on June 28, 2024. Defendant denies

that it received an email from Plaintiff on June 29, but admits that it received an email from Plaintiff about her mother's out-of-state funeral and her return to work on July 10, 2024. Defendant lacks sufficient knowledge or information to enable Defendant to admit or deny Plaintiff's allegations related to the time of death in Paragraph 28 of the Complaint.

29. Defendant admits Plaintiff's allegation related to the completion of the RIVERSIDE A.I. testing. Defendant denies Plaintiff's remaining allegations in Paragraph 29 of the Complaint.

30. Defendant denies Plaintiff's allegation that Defendant told Plaintiff that she was being terminated on August 16, 2024. Defendant admits Plaintiff's allegation that CEO Waibel stated, "You are not happy, and I'm not happy" on August 16, 2024. Defendant denies Plaintiff's allegation that Mike Eblin directed Plaintiff's termination.

31. The allegations in Paragraph 31 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

32. Defendant admits Plaintiff's allegation that Defendant did not need a full-time compliance officer. Defendant denies Plaintiff's allegation that it told Plaintiff that her job was being outsourced. Defendant denies Plaintiff's allegation related to the meeting format. Based upon information and belief, Defendant denies Plaintiff's allegation that Plaintiff did not receive a termination notice. Defendant admits Plaintiff's allegation related to the Georgia State Department of Labor.

**AS TO THE FIRST CAUSE OF ACTION**

33. Defendant incorporates its responses to Paragraphs 1 through 32 of this Answer in response to Paragraph 33 of the Complaint.

///

34. Defendant admits to Plaintiff's allegation that Plaintiff was employed by Defendant. Defendant denies that Plaintiff's employment was subject to substantial discretion and control manifested by RIVERSIDE as to her employment duties, assignments, and compensation.

35. The allegations in Paragraph 35 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

36. The allegations in Paragraph 36 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

37. Defendant denies Plaintiff's allegation that it terminated Plaintiff's employment on August 16, 2024.

38. The allegations in Paragraph 38 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

39. The allegations in Paragraph 39 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

40. The allegations in Paragraph 40 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

## AS TO THE SECOND CAUSE OF ACTION

41. Defendant incorporates its responses to Paragraphs 1 through 40 of this Answer in response to Paragraph 41 of the Complaint.

42. Defendant admits to Plaintiff's allegation that Plaintiff was employed by Defendant. Defendant denies that Plaintiff's employment was subject to substantial discretion and control manifested by RIVERSIDE as to her employment duties, assignments, and compensation.

43. The allegations in Paragraph 43 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

///

44. Defendant lacks sufficient knowledge or information about Plaintiff's definition of "bereavement leave to be with and take care of [Plaintiff's] mother" to enable Defendant to admit or deny Plaintiff's allegations in Paragraph 44 of the Complaint

45. Defendant denies Plaintiff's allegation that Defendant terminated Plaintiff's employment on August 16, 2024.

46. The allegations in Paragraph 46 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

47. The allegations in Paragraph 47 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

48. The allegations in Paragraph 48 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

## AS TO THE THIRD CAUSE OF ACTION

49. Defendant incorporates its responses to Paragraphs 1 through 48 of this Answer in response to Paragraph 49 of the Complaint.

50. Defendant admits to Plaintiff's allegation that Plaintiff was employed by Defendant. Defendant denies that Plaintiff's employment was subject to substantial discretion and control manifested by RIVERSIDE as to her employment duties, assignments, and compensation.

51. Defendant denies Plaintiff's allegation that Defendant terminated Plaintiff's employment on August 16, 2024.

52. The allegations in Paragraph 52 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

53. The allegations in Paragraph 53 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

54. The allegations in Paragraph 54 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

///

## AS TO THE FOURTH CAUSE OF ACTION

55. Defendant incorporates its responses to Paragraphs 1 through 54 of this Answer in response to Paragraph 55 of the Complaint.

56. Defendant admits to Plaintiff's allegation that Plaintiff was employed by Defendant. Defendant denies that Plaintiff's employment was subject to substantial discretion and control manifested by RIVERSIDE as to her employment duties, assignments, and compensation.

57. The allegations in Paragraph 57 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

58. The allegations in Paragraph 58 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

59. The allegations in Paragraph 59 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

60. The allegations in Paragraph 60 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

61. Defendant denies Plaintiff's allegation that Defendant terminated Plaintiff's employment on August 16, 2024.

62. The allegations in Paragraph 62 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

63. The allegations in Paragraph 63 of the Complaint contain legal conclusions and legal argument that Defendant is not required to admit or deny.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to relief she seeks as set forth on page 11 of the Complaint, or any relief whatsoever, and requests that the Court award Defendant its costs and fees of suit and other relief the Court deems proper.

///

## AFFIRMATIVE DEFENSES

Without conceding that Defendant bears the burden of proof as to any issue, and without waiving any of the foregoing, Defendant asserts the following separate and independent affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint as a whole, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred to the extent they involve transactions or events or seek damages for periods of time outside the applicable statute of limitations period(s).

### THIRD AFFIRMATIVE DEFENSE

3. The legal process served upon Defendant was legally insufficient in that Plaintiff failed to serve her complaint upon Defendant within the proscribed statutory time period.

### FOURTH AFFIRMATIVE DEFENSE

4. All employment related decisions made by Defendant with respect to Plaintiff, or which affected Plaintiff, were made in good faith, for legitimate, non-discriminatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred to the extent she has failed to satisfy the conditions precedent to filing the claims in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is estopped from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

///

### SEVENTH AFFIRMATIVE DEFENSE

7. Through her conduct, Plaintiff has waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claim is barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred to the extent she has failed to mitigate any alleged damages.

### TENTH AFFIRMATIVE DEFENSE

10. Defendant asserts that to the extent Plaintiff has received benefits from collateral sources or other set-offs or recoupments, Plaintiff's claims should be diminished accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

11. To the extent Defendant discovers during the course of this action that Plaintiff engaged in any conduct which would have warranted discharge under any applicable rules, Plaintiff's right to recover damages beyond the date of such discovery will be cut off.

### TWELFTH AFFIRMATIVE DEFENSE

12. If Defendant is responsible in any respect for any injuries or damages suffered by Plaintiff, which Defendant expressly denies, such injuries or damages have been caused by or contributed to by others, and Defendant proportional liability, if any, should be reduced to the extent thereof.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claim is barred by the doctrine of estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. To the extent Plaintiff seeks punitive or exemplary damages, such damages are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a

malicious or reckless intent to deny Plaintiff her protected rights, and are not so wanton or willful as to support an award of punitive damages. Plaintiff has failed to state a claim for punitive damages under any law.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. This Court lacks subject matter jurisdiction to adjudicate this action because all actions arising out of or related to Plaintiff's employment are subject to Plaintiff's agreement to submit such disputes to binding individual contractual arbitration.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to amend the answer to assert additional affirmative defenses, and to supplement, alter, or change the answer and affirmative defenses for good cause; or alternatively, upon revelation of more definitive facts by Plaintiff and upon Defendant's undertaking of additional discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby expressly reserved.

///

**WHEREFORE**, this answering Defendant prays as follows:

1. That Plaintiff take nothing by her Complaint for damages;

2. That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3. That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

4. That the Court award such other and further relief as it deems appropriate.

DATED: April 3, 2025                    FISHER & PHILLIPS LLP

                                        By:  */s/ Lisa Chinai*
                                             Colin P. Calvert
                                             Lisa Chinai
                                             Attorneys for Defendant
                                             SIERRA DEVELOPMENT LLC

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On **April 3, 2025**, I served the foregoing document entitled **DEFENDANT SIERRA DEVELOPMENT LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Jon Y. Vanderpool<br>Dyland Griffith<br>VANDERPOOL GRIFFITH LLP<br>401 B Street, Suite 2000<br>San Diego, CA 92101<br>Telephone: (619) 952-0855 | Attorneys for Plaintiff,<br>MELISSA SEWELL<br><br>Email: jon@vgfirm.com |

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **April 3, 2025** at Irvine, California.

Katie Costantino  
Print Name

By: _____  
Signature